## FRASER v. SHOBERG et al.
### No. 487.

District Court, E. D. Washington, N. D.
April 4, 1946.

**84**

Edward M. Connelly, U. S. Dist. Atty., and Harvey Erickson, Asst. U. S. Dist. Atty., both of Spokane, Wash., for plaintiff.

Garvin & Frissell, of Spokane, Wash., for defendants.

CLARK, District Judge.

The plaintiff seeks reemployment under the terms of the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 308.

He was Secretary-Treasurer of Local Union No. 74 of Bakery & Confectionery Workers International Union of America; holding that position by virtue of an election held in January 1942. The term of office to which he was elected expired in January 1943. He enlisted in the United States Naval forces on July 29, 1942. At the time of his enlistment he was granted a leave of absence effective as of the date of enlistment and the President and three of the Trustees passed a resolution pledging his reinstatement on his return from the military service. This resolution was approved at the next regular meeting of the Union, and a temporary secretary was appointed to fill the vacancy.

The by-laws of the defendant Union provide for an election at the first meeting of January of each year. The term of office to which the plaintiff was elected expired in January 1943. He was not a candidate nor was he reelected, and another secretary-treasurer was elected each following year.

If the plaintiff had returned during his term of office he would have been entitled to re-instatement, as he had not resigned but was granted a leave of absence. It cannot be said that such leave could be granted for more than the unexpired term to which he was elected unless the by-laws of the local Union and the constitution of the International Union with reference to the provisions for election of officers and particularly in this case, the office of Secretary-Treasurer, was amended. This was not done and there is nothing in the Selective Training and Service Act to provide for nullifying the by-laws and the constitution in this regard. The resolution adopted by the defendant Union only assured reinstatement to the plaintiff if he returned from the service during the term of office to which he was elected, and the evidence does not support the contention of the plaintiff that such action, in granting leave, constituted a waiver and estoppel of the defense that the plaintiff here was not bound by the by-laws of the local Union and the constitution of the International Union.

The plaintiff's position was a temporary one, subject to election each year and in the instant case the plaintiff's rights are limited and are to be determined by the by-laws and constitution.

Even if the contract of reemployment could be construed as extending to future years, beyond the next election, such a contract would be without force and effect because it would be contrary to the by-laws. It can also be said that under the by-laws the plaintiff is now ineligible to hold office in the defendant, local Union, through voluntarily transferring his membership to another local.

Counsel for the defendants will prepare the necessary findings of fact, conclusions of law, and judgment, to conform with this opinion, and present the same to the Court for its approval, after having served copy of same on opposing counsel.